**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1912 NAB |
| | ) | |
| CO1, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff Joseph Michael Devon Engel's self-represented complaint. For the reasons discussed below, the Court will order plaintiff to file a signed, amended complaint on a Court-provided form. Plaintiff will also be directed to either file a motion to proceed *in forma pauperis* on a Court-provided form or pay the full $400 filing fee. Plaintiff will have twenty-one (21) days to comply with this Memorandum and Order.

**Complaint**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on December 21, 2020. Plaintiff's complaint is handwritten and not on a court form. Plaintiff brings this action against the following defendants: CO1; CO2; Sg.; LT; Captin; Corpel; Major; Freemen; Caseworker; CCA; Assist Warden; Warden; MODOC; ERDCC; P&P ERDCC IPO; P&P ERDCC Supervisor; P&P Director; P&P Assist Director; P&P; Assist Superintendent; Superintendent; Director; Assist Director; Assist ATT General; ATT General; LT Govener; Govener; Sentor; and House Rep MO.[1] He sues defendants in their official and individual capacities.

---

[1] The Court has listed the defendants in the same manner in which plaintiff has spelled and/or abbreviated their names in the handwritten complaint.

Plaintiff alleges his claims in their entirety as follows:

> I am in the whole [sic] in ERDCC 7 HU absolut[el]y for not[h]ing. Won't let me out [and] can't use the phone. Being treated like I've done something wrong. I was suppose to get out on [] 10-7-20 ain't seen nobody at all. I'm going crazy down here. It's cruel and unuselly [sic] punishment. This is wrong. I [am] a sourvin [sic] citiz[e]n. I should not be treated like this at all.

ECF No. 1 at 2. Plaintiff provides no additional facts demonstrating why his placement into the "whole" or administrative segregation amounts to a constitutional violation.[2] Additionally, plaintiff has neither indicated the relationship between the defendants and his statement of the claim, nor identified exactly who at the prison purportedly violated his rights.[3]

Plaintiff describes his injuries as "Freedom, Health, [and] Mind Raping." ECF No. 1 at 1. For relief, he lists each defendant and requests a separate, arbitrary amount from each individual or entity spanning from "1 Trillion" to "1,900 Trillion" dollars. For example, plaintiff seeks "1 Trillion" from an unidentified correctional officer, "60 Trillion" from the Warden, and "900 Trillion" from the "ATT General." *Id.* at 2. Plaintiff additionally seeks "10,000 stocks in Ford,

---

[2] "Generally, the placement of a prisoner in administrative segregation is not considered cruel and unusual punishment." *Thomas v. Lombardi*, 4:13-cv-622-AGF, 2014 WL 307335 (E.D. Mo. Jan. 28, 2014) (citing *Jones v. Mabry*, 723 F.2d 590, 594-95 (8th Cir. 1983)). In fact, "the Eighth Circuit has held that an inmate sentenced to nine years in administrative segregation fails to implicate the Eighth Amendment." *Id.* (citing *Brown v. Nix*, 33 F.3d 951, 955 (8th Cir. 1994)). Additionally, in order to assert a due process violation based on a liberty interest of avoiding administrative segregation, "an inmate must show that the segregation created an atypical and significant hardship on him in relation to the ordinary incidents of prison life to demonstrate that his liberty interest was curtailed." *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). The length of time alone is not dispositive. *See Orr v. Larkins*, 610 F.3d 1032, 1033-34 (8th Cir. 2010).

[3] Liability under 42 U.S.C. § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

GMC, Dodge, BMW, Honda, Toyota, Mercedes, Land Rover, Russia, Oil, Union Pacific, Gold, Silver, and Coal.[4]

Plaintiff has failed to file this action on a court-form, and he has failed to file a motion to proceed *in forma pauperis* on a separate court form. He has, however, filed an inmate account statement.

**Discussion**

Plaintiff's complaint is deficient as pled. The complaint is not on a court-form as required by Local Rule 2.06(A). Additionally, as pled, the complaint is subject to dismissal at this time as plaintiff has not sufficiently pled how his constitutionally protected rights were violated and who purportedly violated such rights.

Because plaintiff is self-represented, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief. He must put his case number on his amended complaint. Plaintiff should type or neatly print his complaint on the Court's prisoner civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a

---

[4] Plaintiff's bizarre request to recover thousands of trillions of dollars in damages from more than thirty individuals and entities as well as stocks from companies with no apparent connection to this action for his placement in the "hole" appears to be "clearly baseless" under the standard articulated in *Denton v. Hernandez*, 504 U.S. at 25, 31-33 (1992). Consequently, the complaint is subject to dismissal for this reason, as well.

single set of circumstances." *See* Fed. R. Civ. P. 10(b).  Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff establish the responsibility of each separate defendant for harming him.  That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights.  *See Madewell*, 909 F.2d at 1208 ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").  It is not enough for plaintiff to make general allegations against all the defendants as a group.  Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing.  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted).  The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint.  This means that claims that are not re-alleged in the amended complaint will be deemed abandoned.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended

complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Finally, plaintiff has neither paid the $400 filing fee, nor sought leave to proceed without the prepayment of fees or costs by filing the appropriate Court-provided application. If plaintiff files such a motion, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's motion to proceed *in forma pauperis* form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or file a motion to proceed *in forma pauperis* within **twenty-one (21) days** of the date of this Order.

**If plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of February, 2021.